

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 16, 2018

**<u>BY ECF</u>**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Marie Palumbo*, 18 Cr. 390 (PAE)

Dear Judge Engelmayer:

    The Government respectfully submits this letter pursuant to the Court's July 13, 2018 Order (Dkt. No. 93), and in response to defendant Marie Palumbo's letter motion, dated July 12, 2018 (Dkt. No. 92), requesting another bail hearing.

    On June 5, 2018, Palumbo was arrested pursuant to a warrant issued upon the return of the Indictment on June 4, 2018, which charged her, among others, with participating in a conspiracy to distribute and possess with intent to distribute 400 grams and more of fentanyl and one kilogram and more of heroin, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A). (Dkt. No. 1.) That same day, Palumbo was presented before the Honorable Robert W. Lehrburger, United States Magistrate Judge for the Southern District of New York, who granted Palumbo bail. (Dkt. No. 71.) The Government took an immediate appeal to this Court, which ordered Palumbo detained pending trial:

> In the end, putting all of this together, while I can't know the particular form in which the danger may manifest, whether it is continuing drug dealing, some other form of economic crime, or just the irrational behavior of getting into a car and driving while high on drugs, there is a range of reckless, dangerous conduct that the assembled record reflects hasn't been deterred and which I have an obligation to protect the public against.
>
> So I find—without any real hesitation, to be very honest, because I don't find this to be a close case—that the defendant is a danger to the community, and I find that by clear and convincing evidence.

(Dkt. No. 73 at 40; *see also* Dkt. No. 39.)

On July 12, 2018, Palumbo moved this Court for another bail hearing, which is permitted only in limited circumstances:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. 3142(f). Palumbo fails to satisfy these requirements and, therefore, is not entitled to another bail hearing.

*First*, Palumbo's letter motion fails to set forth any information that was not known to Palumbo at the time of the prior hearing before this Court. In particular, Palumbo suggests that it is "new information" that she has three family members available to co-sign a bond, that her parents are willing to use their home as security for such a bond, and that Palumbo be placed on "house arrest" to mitigate the risk of her "driving under the influence." (Dkt. No. 92 at 1.) None of this is, however, is new information. Palumbo merely proposes additional conditions of release. In any event, Palumbo previously proposed—and the Court found insufficient—that her parents co-sign a bond (Dkt. No. 73 at 28) and that she be placed on home detention (*id*. at 31-32). Palumbo did not previously suggest that her parents post their home as security or that her sister also co-sign a bond, but those potential conditions would have been known to Palumbo at the prior hearing.

*Second*, the only ostensible "new information"—the possibility of her parents posting their home as security or her sister co-signing a bond—has no material bearing on whether there are conditions of release to assure the safety of the community. The posting of property as security or obtaining co-signers on a bond address a defendant's risk of flight, not the danger that he or she poses to the community. *See, e.g.*, *United States v. Ferranti*, 66 F.3d 540, 543 (2d Cir. 1995) ("The $1,000,000 bond would have deterred flight, not danger."); *United States v. Rodriguez*, 950 F.2d 85, 89 (2d Cir. 1991) ("The existence of four cosigners and $10,000 cash may assure the appearance of Rodriguez at trial but will not secure the safety of the community."). Here, the Court's prior order of detention was premised solely on the danger that Palumbo poses to the community, and the Court did not reach the issue of whether she also poses a risk of nonappearance. (Dkt. No. 73 at 40.) Therefore, the "new information" offered by the defendant has no bearing on the Court's prior determination.

For the foregoing reasons, Palumbo's request for another bail hearing be denied.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: *Robert B. Sobelman*
Stephanie Lake/Michael Krouse/Robert Sobelman
Assistant United States Attorneys
(212) 637-1066/2279/2616

cc: David Touger, Esq.