

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 24, 2019

**BY EMAIL AND ECF**

The Honorable Paul A. Engelmayer
United States District Judge
40 Foley Square
New York, New York 10007
engelmayernysdchambers@nysd.uscourts.gov

    Re:    *United States v. Louis Brown*, S4 18 Cr. 390 (PAE)

Dear Judge Engelmayer:

    The Government respectfully submits this letter to allow an undercover officer (the "UC") with the New York City Police Department ("NYPD") to testify at trial without providing his real name, instead using a pseudonym. At trial, the Government intends to call the UC to testify regarding his experience conducting controlled purchases from co-defendants Louis Brown and Chris Simon. The UC has significant experience conducting undercover operations into drug trafficking organizations in the New York region and continues to engage in such operations in an undercover capacity in various locations in the Bronx and Queens. Were the UC's real name to become known to members of the neighborhoods in which he works, his safety and life could be at risk, and his current undercover activities could be placed in jeopardy. The Government has also conferred with defense counsel about this motion and he consents.

    In analogous situations, the New York Court of Appeals has followed a three-step inquiry when the prosecution seeks to shield a witness's identity, address, or occupation. *See People v. Stanard*, 42 N.Y.2d 74, 84 (1977). First, the prosecution must show a proper reason why a witness should be excused from answering the question, which may include preventing danger to a witness. *Id.* The burden then shifts to the defense to demonstrate the materiality of the requested information to the issue of guilt or innocence. *Id.* Finally, the court must balance the defendant's right to cross-examine with the witness's interest in some degree of anonymity. *Id.*

    Here, there is good reason to permit the UC not to disclose his name, and because testimony about the UC's name in no way goes to guilt or innocence, it is well within the Court's discretion to permit the UC to testify using a pseudonym. As noted, the UC continues to work as an undercover officer in the Bronx and other parts of New York. These circumstances present a danger that someone who knows or associates with the UC will learn about his status as an undercover police officer and either intentionally (or unintentionally) place the UC's safety at risk by disclosing this information. *See People v. Waver*, 3 N.Y.3d 748, 750 (2004) (citation omitted).

    Moreover, the limited open-court anonymity sought by the Government is not outweighed by the defendant's right to cross-examination. The Government will provide *Giglio* material for

the witness (although at present the Government is aware of none), including any *Giglio* information the Government derives from its knowledge of the UC's true legal name. The only limitation sought by the Government is that the defense not inquire in open court as to the UC's true name, which the defense has consented to. These restrictions are reasonable and no more burdensome than necessary. *See United States v. Felton*, *et al.*, S12 17 Cr. 21 (WHP) (S.D.N.Y. January 24, 2019) (granting request for undercover officer to testify under a pseudonym); *United States v. Omar Sharpe*, *et al.*, S4 15 Cr. 288 (RMB) (same); *United States v. Carlos Urena, et al.*, 11 Cr. 1032 (PAE) (S.D.N.Y. March 28, 2014) (same).

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Aline Flodr / Michael Krouse / Robert Sobelman
Assistant United States Attorneys
(212) 637-1110/2279/2616

cc: Thomas Ambrosio, Esq. (by ECF)