J1OHPalP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

       v.                     18 Cr. 390 (PAE)

MARIE PALUMBO,

                            Plea
          Defendant.

------------------------------x

                            New York, N.Y.
                            January 24, 2019
                            11:40 a.m.

Before:

                 HON. PAUL A. ENGELMAYER,

                            District Judge

                    APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
ALINE R. FLODR
     Assistant United States Attorney

NICOLE WAKNINE
     Attorney for Defendant

(Case called)

MS. FLODR:  Good morning, your Honor.  Aline Flodr on behalf of the United States.

THE COURT:  Good morning, Ms. Flodr.

MS. WAKNINE:  Good morning, your Honor.  Nicole Waknine standing in for the attorney of record, David Touger, who apologizes for his absence.  He's on trial this week in New York State court.  Seated next to me is Marie Palumbo.

THE COURT:  Good morning, Ms. Waknine.  Thank you for standing in for Mr. Touger.

MS. WAKNINE:  Yes.

THE COURT:  Let's just move the microphone closer to Ms. Palumbo.

Ms. Waknine, notwithstanding your pinch-hitting for Mr. Touger, I take it you're fully up to speed on the case and have been working closely with your client in preparation for this proceeding?

MS. WAKNINE:  Yes, your Honor.

THE COURT:  Very good.  Ms. Waknine, I understand that your client today wishes to plead guilty to a lesser included offense within the scope of Count One of the indictment, is that correct?

MS. WAKNINE:  That's correct, your Honor.

THE COURT:  I understand that there is a plea agreement that the parties have entered into?

J1OHPalP

MS. WAKNINE: Yes.

THE COURT: All right. Counsel have handed up a plea agreement which I'm going to mark as Government Exhibit 1. Later in this proceeding, I'll inquire of counsel and of Ms. Palumbo about the plea agreement.

All right. Ms. Palumbo, before I accept your guilty plea, I'm going to ask you certain questions so that I can establish to my satisfaction that you wish to plead guilty because you are guilty and not for some other reason. If you don't understand any of my questions or you'd like a further opportunity to consult with your attorney, would you please let me know?

THE DEFENDANT: OK.

THE COURT: I'll just ask you to keep your voice up, and when I ask you a question like that, that's a yes or no, just kindly use "yes" or "no" so that the court reporter is able to capture that.

Are you able to speak and understand English?

THE DEFENDANT: Yes.

THE COURT: Mr. Smallman, would you kindly place the defendant under oath.

(Defendant sworn)

THE COURT: All right. You may be seated.

Ms. Palumbo, do you understand that you're now under oath and that if you answer any of my questions falsely, your

J1OHPalP

answers to my questions may be used against you in another
prosecution for perjury?

THE DEFENDANT: Yes.

THE COURT: What is your full name?

THE DEFENDANT: Marie Palumbo.

THE COURT: How old are you?

THE DEFENDANT: Thirty-seven.

THE COURT: How far did you go in school?

THE DEFENDANT: My senior year.

THE COURT: Of high school?

THE DEFENDANT: Yes.

THE COURT: Where was that?

THE DEFENDANT: Germantown Central, Upstate New York.

THE COURT: Have you ever been treated or hospitalized
for any mental illness?

THE DEFENDANT: No.

THE COURT: Are you now or have you recently been
under the care of a doctor or psychiatrist?

THE DEFENDANT: No.

THE COURT: Have you ever been hospitalized or treated
for addiction to any drugs or alcohol?

THE DEFENDANT: No.

THE COURT: In the past 24 hours, have you taken any
drugs, medicine, or pills or drunk any alcoholic beverages?

THE DEFENDANT: No.

THE COURT:  Is your mind clear today?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand what's happening in this proceeding?

THE DEFENDANT:  Yes.

THE COURT:  Ms. Waknine, do you have any doubt as to your client's competence to plead at this time?

MS. WAKNINE:  No, your Honor.

THE COURT:  How about you, Ms. Flodr?

MS. FLODR:  No, your Honor.

THE COURT:  All right.  Based on her response to my questions and based on her demeanor as she appears before me, I find that Ms. Palumbo is competent to enter a plea of guilty at this time.

Ms. Palumbo, have you had a sufficient opportunity to discuss your case with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Have you had a sufficient opportunity to discuss the particular charge to which you intend to plead guilty, any possible defenses to that charge, and the consequences of entering a plea of guilty?

THE DEFENDANT:  Yes.

THE COURT:  Are you satisfied with your attorney's representation of you, including in connection with reaching a plea agreement?

THE DEFENDANT:  Yes.

THE COURT:  I'm now going to explain certain constitutional rights that you have.  You'll be giving up these rights if you enter a plea of guilty.

Under the Constitution and laws of the United States, you are entitled to a speedy and a public trial by a jury on the charge contained in the indictment.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  At that trial you'd be presumed to be innocent, and the government would be required to prove you guilty by competent evidence and beyond a reasonable doubt before you could be found guilty.  You would not have to prove that you were innocent, and a jury of 12 people would have to agree unanimously that you were guilty.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  At that trial and at every stage of your case, you'd be entitled to be represented by an attorney, and if you could not afford one, one would be appointed to represent you free of charge.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  During a trial the witnesses for the government would have to come to court and testify in your presence, and your lawyer could cross-examine the witnesses for

the government, object to evidence offered by the government, and if you desired, issue subpoenas, offer evidence, and compel witnesses to testify on your behalf. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: At a trial, although you would have the right to testify if you chose to do so, you would also have the right not to testify, and no inference or suggestion of guilt could be drawn from the fact that you did not testify if that was what you chose to do. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: At trial the government would have to prove each and every part, or element, of a charge beyond a reasonable doubt for you to be convicted of that charge. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if you were convicted at a trial, you would then have the right to appeal that verdict?

THE DEFENDANT: Yes.

THE COURT: Even at this time, right now, even as you are in the process of entering this guilty plea, you have the right to change your mind, plead not guilty, and go to trial. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: If you plead guilty and I accept your

J1OHPalP

plea, you'll give up your right to a trial and the other rights that I've just described. There will be no trial, and I will enter a judgment of guilty and sentence you on the basis of your guilty plea after considering the submissions relating to sentencing that I receive from you, your lawyer, and the government, as well as a presentence report prepared by the probation department. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: If you plead guilty, you'll also have to give up your right not to incriminate yourself because I will ask you questions about what you did in order to satisfy myself that you are guilty as charged. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Ms. Palumbo, have you received a copy of the indictment containing the charge against you?

THE DEFENDANT: Yes, I have.

THE COURT: Have you read it?

THE DEFENDANT: Yes.

THE COURT: Have you discussed it with your counsel?

THE DEFENDANT: Yes.

THE COURT: Do you understand that -- and I'm focusing here on the lesser included offense within Count One that gets rid of the mandatory minimum quantities -- do you understand that you're charged in Count One with conspiracy to distribute and possess with intent to distribute, first, mixtures and

substances containing a detectable amount of fentanyl and, second, mixtures and substances containing a detectable amount of heroin?

THE DEFENDANT: Yes.

THE COURT: Ms. Flodr, would you kindly state the elements of that offense.

MS. FLODR: Yes, your Honor. If the government were to proceed to trial, the government would have to prove the following elements beyond a reasonable doubt for Count One of the indictment: first, the existence of a conspiracy, that is, an agreement or understanding between two or more persons to distribute a controlled substance or to possess a controlled substance with intent to distribute, that the defendant knowingly and willingly was a member of that conspiracy, and that the conspiracy involved mixtures and substances containing a detectable amount of heroin or fentanyl.

In addition, the government would have to prove by a preponderance of the evidence that venue lied in the Southern District of New York.

THE COURT: All right. Thank you.

Ms. Waknine, are you in agreement with the government's recitation of those elements?

MS. WAKNINE: Yes, your Honor.

THE COURT: Ms. Palumbo, did you hear and understand Ms. Flodr as she set out those elements?

J1OHPalP

THE DEFENDANT: Yes.

THE COURT: All right. Turning to penalties, do you understand that the maximum possible penalty for Count One is 20 years' imprisonment?

THE DEFENDANT: Yes.

THE COURT: The maximum fine for Count One is the greatest of $1 million, twice the gross pecuniary gain derived from the offense, or twice the pecuniary loss to persons other than you resulting from the offense. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you understand that for pleading guilty to Count One, you may receive up to a lifetime term of supervised release?

THE DEFENDANT: Yes.

THE COURT: Supervised release means that you'll be subject to monitoring when you are released from prison. There are terms of supervised release with which a person must comply. If you don't comply with them, you can be returned to prison without a jury trial for all or part of the term of supervised release imposed by the Court. Under those circumstances, you would not be given any credit towards that term for the time you served in prison as a result of your sentence for this crime, nor would you necessarily be given any credit towards that term for any time you had spent on post-release supervision. Do you understand that?

J1OHPalP

THE DEFENDANT:  Yes.

THE COURT:  I neglected to mention that you understand that for pleading guilty to Count One, the Court would be obligated to impose a mandatory minimum term of three years' supervised release?

THE DEFENDANT:  Yes.

THE COURT:  For pleading guilty to this crime, you'll be required to pay a mandatory $100 special assessment.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  For pleading guilty to this crime, you may be compelled to forfeit any and all property constituting and derived from proceeds obtained by your criminal conduct.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Do you also understand that if I accept your guilty plea and adjudge you guilty, that may deprive you of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm?

THE DEFENDANT:  Yes.

THE COURT:  Are you a United States citizen?

THE DEFENDANT:  Yes, I am.

THE COURT:  Under current law there are sentencing guidelines as well as other factors set forth in the sentencing

statutes that judges must consider in determining a sentence. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Have you spoken with your attorney about the sentencing guidelines and those other factors?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the Court will not be able to determine the guideline range that will form a part of my determination of what a reasonable sentence will be in your case until after a presentence report has been prepared and until after your attorney and the government have both had the chance to challenge any of the facts in that report as prepared by the probation department?

THE DEFENDANT: Yes.

THE COURT: Do you understand that even though the parties have agreed in the plea agreement that the sentencing guidelines recommend a sentence between 30 and 37 months of imprisonment, that agreement as to what the sentencing guidelines recommend is not binding on the probation department and is not binding on the Court?

THE DEFENDANT: Yes.

THE COURT: Do you understand that even after the Court has determined what guideline range the sentencing guidelines do recommend, the Court has the discretion under the current law to impose a sentence that is higher or lower than

those recommended by the guidelines?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that if your attorney or anyone else has attempted to predict what your sentence will be, their prediction could be wrong?  No one -- not your attorney, not the government's attorney, no one -- can give you any assurance of what your sentence will be because I'm going to decide your sentence, and I'm not going to do that now and I really can't do that now.  Instead, I'm going to wait until I receive the presentence report prepared by the probation department, going to wait until I receive what I know will be thoughtful sentencing memoranda from the government and from the defense.  I'm going to study those materials carefully. I'm going to do my own independent calculation of what the sentencing guidelines recommend.  But most of all, I'm going to determine what a reasonable sentence is for you based on all of the factors contained in the sentencing statute which is known as Section 3553(a).  Do you understand all that?

THE DEFENDANT:  Yes.

THE COURT:  Have you discussed these issues and the overall sentencing process with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Even if your sentence is different from what your attorney or anyone else has told you it might be, even if it's different from what you expect, even if it's

different from the advisory guideline range calculated in your plea agreement, you'd still be bound by your guilty plea, and you would not be allowed to withdraw your plea of guilty. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Has anyone threatened you or anyone else or forced you in any way to plead guilty?

THE DEFENDANT: No.

THE COURT: Counsel have handed up the plea agreement, Government Exhibit 1. Looking at the back page, Ms. Flodr, I see here your signature. Is that your signature?

MS. FLODR: Yes, your Honor.

THE COURT: And I see the signature of Shawn Crowley, the deputy chief of the narcotics unit. Is that Shawn Crowley's signature?

MS. FLODR: It is, your Honor.

THE COURT: Ms. Waknine, I see here your signature dated today. Is that your signature?

MS. WAKNINE: Yes, your Honor.

THE COURT: Ms. Palumbo, I see your signature dated today. Is that your signature?

THE DEFENDANT: Yes, sir.

THE COURT: Did you read this agreement before you signed it?

THE DEFENDANT: I did.

THE COURT: Did you discuss it with your attorney before you signed it?

THE DEFENDANT: Yes.

THE COURT: Did you understand it before you signed it?

THE DEFENDANT: Yes.

THE COURT: Did you willingly sign it?

THE DEFENDANT: Yes.

THE COURT: Did anyone force you to sign it?

THE DEFENDANT: No.

THE COURT: Do you have any agreement with the government about your plea or your sentence that has been left out, that has been omitted from this written agreement?

THE DEFENDANT: No.

THE COURT: Ms. Flodr, would you please summarize the material terms of the plea agreement.

MS. FLODR: Your Honor, the government, according to this plea agreement, will accept a guilty plea from Ms. Palumbo to the lesser included offense within the scope of Count One of the indictment of participating in a conspiracy to distribute and possess with the intent to distribute mixtures and substances containing a detectable amount of fentanyl and mixtures and substances containing a detectable amount of heroin.

In exchange, the defendant will not be further

prosecuted criminally by this office for conspiring to distribute and distributing heroin, fentanyl from in or about 2015 through in or about June 2018 as charged in Count One of the indictment.

The parties have also agreed that the stipulated guidelines range in this plea agreement is 30 to 37 months' imprisonment, and if the defendant is sentenced within or below this guidelines range, she has waived her right to appeal that sentence.

THE COURT:  All right.  Thank you.

Ms. Waknine, are you in agreement with the government's summary of the terms covered by Ms. Flodr?

MS. WAKNINE:  Yes, your Honor, that's our understanding.

THE COURT:  Ms. Palumbo, did you hear and understand Ms. Flodr as she summarized those terms?

THE DEFENDANT:  Yes.

THE COURT:  I'm just going to highlight one of them for you.  Do you understand that under the agreement you're giving up your right to appeal or otherwise challenge your sentence so long as I don't sentence you to more than 37 months in prison?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Has anybody made any promise or done anything other than what's contained in the plea

agreement to induce you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Has anyone made a promise to you as to what your sentence will be?

THE DEFENDANT:  No.

THE COURT:  Do you still wish to plead guilty pursuant to the agreement?

THE DEFENDANT:  Yes.

THE COURT:  At this point, then, I'd like you to tell me in your own words what you did that makes you believe you're guilty of the charge, the lesser included charge within the scope of Count One of the indictment.

THE DEFENDANT:  Between --

THE COURT:  Let me just ask you, it looks like you're about to read aloud something?

THE DEFENDANT:  Huh?

THE COURT:  You're about to read?

THE DEFENDANT:  Yes.

THE COURT:  That's fine.  I just want to make sure before you do that what you're reading from is a document that you've reviewed in advance of today, advance of this hearing, and you're confident that everything in there is truthful and accurate?

THE DEFENDANT:  Yes.

THE COURT:  Go ahead.

J1OHPalP

THE DEFENDANT:  Between 2015 and June of 2018, in Bronx County, New York, I did possess with the intent to distribute and did participate in a conspiracy with others to distribute substances containing heroin and fentanyl.

THE COURT:  When you did these acts, did you know that what you were doing was wrong?

THE DEFENDANT:  Yes.

THE COURT:  Did you know you were committing a crime?

THE DEFENDANT:  Yes.

THE COURT:  Does government counsel agree that there's a sufficient factual predicate for a guilty plea?

MS. FLODR:  Yes, your Honor.

THE COURT:  Does defense counsel?

MS. WAKNINE:  Yes, your Honor.

THE COURT:  Does defense counsel know of any valid defense that would prevail at trial or any reason why your client should not be permitted to plead guilty?

MS. WAKNINE:  No, your Honor.

THE COURT:  Ms. Palumbo, are you pleading guilty voluntarily and of your own free will and because you are, in fact, guilty?

THE DEFENDANT:  Yes.

THE COURT:  Can government counsel represent that had the case gone to trial, it had sufficient evidence of each element to establish a conviction?

J1OHPalP

MS. FLODR: Yes, your Honor.

THE COURT: Ms. Palumbo, because you acknowledge that you are, in fact, guilty as charged in the indictment; because I'm satisfied that you know of your rights, including your right to go to trial; because I'm satisfied that you're aware of the consequences of your plea, including the sentence that may be imposed; and because I find that you're voluntarily pleading guilty, I accept your guilty plea and enter a judgment of guilty on the one count to which you have pled guilty.

Now, the next step in your case is going to involve the sentencing process, and I'm going to ask you to listen closely to what I'm about to say. The probation department's going to want to interview you in connection with that presentence report that they prepare. If you choose to speak with the probation department, please make sure anything you say to them is truthful and accurate. I read those reports very carefully. They and the parties' sentencing submissions are often very important to me in determining what a reasonable sentence is in the particular case. You and your counsel will have a right to examine the report and comment on it at the time of sentencing. I urge you to read it and to discuss it with your attorney before sentencing. If there are any mistakes in the report, please point them out to your lawyer so that she can bring them to my attention before sentencing.

Will you agree to do that?

J1OHPalP

THE DEFENDANT: Yes.

THE COURT: Ms. Waknine, is this a case in which you're seeking an expedited sentence, meaning foregoing the right to have a draft of the presentence report?

MS. WAKNINE: No, we would like the presentence report, your Honor.

THE COURT: OK. Mr. Smallman, can I have a date for sentencing, please.

April 25 at 11:00 a.m.

MS. FLODR: That's fine for the government, your Honor.

MS. WAKNINE: Sorry. One moment.

That's fine, your Honor.

THE COURT: Very good. Sentencing is then for that date and time.

Ms. Waknine, you must arrange for your client to be interviewed by the probation department within two weeks.

Government, you should get your case summary to the probation department within two weeks.

Defense submissions are due two weeks before trial. The government submission is due one week before trial -- excuse me, before sentencing. My bad. That word "sentencing" modified both of your submission deadlines.

All right. Anything further from the government?

MS. FLODR: No, your Honor.

J1OHPalP

THE COURT:  Anything further from the defense?

MS. WAKNINE:  No, your Honor.

THE COURT:  All right.  Thank you.  We stand adjourned.

(Adjourned)